[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-1935

UNITED STATES,

Appellee,

v.

RAMON E. MEJIAS-NEGRON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Ramon E. Mejias-Negron on brief pro se.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

March 19, 2002

**Per Curiam**.  Proceeding pro se and in forma pauperis (IFP), Ramon Mejias Negron (Mejias) appeals from the district court's denial of his motion to hold the U.S. Marshal in contempt of court.  He also appeals the district court's denial of his subsequent motion pursuant to Fed. R. Civ. P. 52(a) seeking findings of fact and conclusions of law on the merits of his contempt motion.

Mejias's argument that the U.S. Marshal is guilty of contempt of court because he failed to obey the district court's directive in its final judgment that Mejias be returned to the federal prison facility in Rochester, Minnesota, is unavailing. A district court does not have the authority to specify a particular prison in which the defendant is to serve his or her sentence. United States v. Wells, 766 F.2d 12, 19 (1st Cir. 1985). The Attorney General, through the Bureau of Prisons (BOP), designates the place of confinement. See United States v. Wilson, 503 U.S. 329, 331, (1992).  Accordingly, Mejias has not established contempt of court, and the district court did not err by denying his motion.

Furthermore, the district court did not err in denying Mejias's motion pursuant to Rule 52(a) either because the court was not required to make findings of fact and draw conclusions of law

regarding Mejias's contempt motion. Rule 52(a) states: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." Because the exception of Rule 52(c) does not apply to the present facts, it is clear that under Rule 52(a) the district court did not err in summarily denying as moot Mejias's contempt motion without opinion. See Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1379 (Fed. Cir. 1999). The court's judgment is AFFIRMED.

AFFIRMED.